UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DENNIS L. MCCLOUD,

      Petitioner,

v.                                          Case No. 3:19-cv-591-MMH-JBT

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

      Respondents.

**ORDER**

Petitioner Dennis McCloud, an inmate of the Florida penal system, initiated this action on May 16, 2019, by filing a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1). He subsequently filed an Amended Petition (Amended Petition; Doc. 9). On January 27, 2022, the Court denied the Amended Petition and dismissed the action with prejudice. See Order (Doc. 19). On April 4, 2024, the Eleventh Circuit Court of Appeals affirmed the denial of the Amended Petition. See USCA Order (Doc. 24).

Before the Court is McCloud's "Motion Rule 60(b) for Relief of Judgment or Order" (Motion; Doc. 26). In the Motion, he raises five grounds for relief. See id. at 4–24. McCloud argues his trial counsel was ineffective when she failed to: (1) object to the trial court's findings regarding the admission of the child

hearsay testimony; (2) argue that the trial court should not admit the child hearsay evidence on the grounds that the child made the statements after she had a motive to fabricate; (3) object to the testimony of a State witness who vouched for the child victim's credibility; (4) request a Richardson[1] hearing or move for a mistrial based on undisclosed testimony from two witnesses; and (5) withdraw after she became aware of a conflict of interest. See Motion at 4–24.

"[Federal] Rule [of Civil Procedure] 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). Rule 60(b) provides in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1)   mistake, inadvertence, surprise, or excusable neglect;
>
> (2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3)   fraud (whether previously called intrinsic or

---

[1] Richardson v. State, 246 So. 2d 771 (Fla. 1971).

>   extrinsic), misrepresentation, or misconduct by an opposing party;
>
>   (4)   the judgment is void;
>
>   (5)   the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>   (6)   any other reason that justifies relief.

See Fed. R. Civ. P. 60(b). McCloud filed the Motion under Rule 60(b)(6), the catchall provision of Rule 60(b). See Motion at 1.

As a threshold matter, the Court must determine whether it has jurisdiction to rule on McCloud's Motion. See Adams v. Thaler, 679 F.3d 312, 319 (5th Cir. 2012). After a prisoner pursues one petition for federal habeas corpus relief, Congress has acted—in the interest of ending repetitive habeas filings by convicted prisoners—to require, as a jurisdictional matter, that an applicant filing a second or successive habeas petition first must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). In 2005, the United States Supreme Court held that district courts have jurisdiction to consider Rule 60(b) motions in habeas corpus proceedings if the Rule 60 motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the

3

integrity of the federal habeas proceedings." Gonzalez, 545 U.S. at 532 (footnote omitted). The Supreme Court stated:

> We hold that a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction. A motion that, like petitioner's, challenges only the District Court's failure to reach the merits does not warrant such treatment, and can therefore be ruled upon by the District Court without precertification by the Court of Appeals pursuant to § 2244(b)(3).

Id. at 537. Thus, when a Rule 60(b) motion "asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar," it is not on the merits and can properly be considered under Rule 60(b). Id. at 532 n.4.

Here, McCloud reasserts the same ineffective assistance of counsel claims that he raised in his Amended Petition. When denying the Amended Petition, the Court considered the merits of McCloud's claims, and now Petitioner is merely attempting to relitigate the Court's resolution of those claims. As such, the Motion constitutes a second or successive habeas petition. Before filing a second or successive habeas petition, a petitioner must obtain authorization from the Eleventh Circuit. See 28 U.S.C. § 2244 (b)(3)(A) ("Before

4

a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). The Eleventh Circuit has not authorized McCloud to file a second or successive habeas petition. Because McCloud's filing is construed as a second or successive habeas petition, rather than as a post-judgment motion, and he did not obtain authorization from the Eleventh Circuit, the Court lacks subject matter jurisdiction to consider the Motion.

Therefore, it is now **ORDERED**:

1. McCloud's "Motion Rule 60(b) for Relief of Judgment or Order" (Doc. 26) is **DISMISSED for lack of subject matter jurisdiction**.

2. If McCloud appeals the dismissal of his Rule 60(b) Motion, the Court denies a certificate of appealability.[2] Because the Court has determined

---

[2] The Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, McCloud "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 84 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, if McCloud seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted.

that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of February, 2025.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

Jax-9 2/28
c:   Dennis L. McCloud, #J42841
     Counsel of record

6